IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

JESSE SANDLIN,

    Plaintiff,

vs.                                                    No. 15-2768-JTF-dkv

CITIBANK, N.A.,
CITIMORTGAGE, INC.,

    Defendants.
_____

REPORT AND RECOMMENDATION ON THE PLAINTIFF'S MOTION TO REMAND
_____

On November 10, 2015, the plaintiff, Jesse Sandlin ("Sandlin"), filed a *pro se* complaint against the defendants, Citibank, N.A. and CitiMortgage, Inc. (collectively "the Defendants"), in the Circuit Court of Shelby County, Tennessee, seeking damages and declaratory relief for "fraudulently and unlawfully initiat[ing] . . . acceleration of the Mortgage Note and Deed of Trust through [a] non-judicial foreclosure." (Ex. A at 1-21, ECF No. 1-2.) Simultaneously, Sandlin filed an "Application for Temporary Restraining Order, Preliminary Injunction and Declaratory Relief" ("TRO"), in which he sought to enjoin the Defendants from foreclosing on the property located at 4743 Kassel Cove, Memphis, TN 38116 ("the Property"). (*Id.* at 23-27.) On November 16, 2015, the presiding Circuit Court Judge granted Sandlin's application for a TRO, enjoining

the Defendants from conducting the foreclosure sale of the Property scheduled on November 17, 2015. (*Id.* at 31-32.)

On November 25, 2015, the Defendants removed the action to the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1.) In their notice of removal, the Defendants asserted that the court has jurisdiction over this case under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different States." The Defendants assert that the citizenship requirement is satisfied because Sandlin is a citizen of Tennessee and the Defendants are citizens of New York and Missouri. (Notice of Removal ¶¶ 12-15, ECF No. 1.) Further, the Defendants assert that the amount in controversy requirement is satisfied because the Property is valued well in excess of $75,000. (*Id.* ¶¶ 16-22.)

Now before the court is the December 3, 2015 motion filed by Sandlin to remand the case to the Circuit Court of Shelby County, Tennessee. (ECF No. 9.) The Defendants responded in opposition on December 17, 2015. (ECF No. 11.) The case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or

2

report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

In his motion to remand, Sandlin asserts two grounds for remand. First, Sandlin asserts that the Defendants "waived the right to remove by voluntarily and permissively consenting to accept service of the [] complaint and application for [TRO], [and] by consenting to the injunctive relief requested by [Sandlin] in his [TRO]." (Mot. to Remand 2-3, ECF No. 9.) Second, Sandlin asserts that that all requirements for federal jurisdiction have not been met because the amount in controversy does not exceed $75,000. (*Id.* at 3-5.)

As to Sandlin's first ground for remand, the court finds that the Defendants have not waived the right to remove the action to the federal court. The Sixth Circuit has held that the right to remove can be waived; however, such waiver must be "clear and unequivocal." *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990)(citations omitted); *Rich v. Sevier*, No. CIV. 3:11-0362, 2011 WL 1833185, at *2 (M.D. Tenn. May 12, 2011)(citing Regis Assocs.); *Bolivar Sand Co. v. Allied Equip., Inc.*, 631 F. Supp. 171, 172 (W.D. Tenn. 1986)("[T]he general rule is that the [defendant's] actions must evidence a 'clear and unequivocal' intent to waive the right to remove." (citations omitted)). Preliminary matters, such as filing an answer to the complaint, filing a motion for extension

3

of time, filing a motion to dismiss, filing a motion to vacate a temporary restraining order, or filing a motion to vacate a preliminary injunction will not suffice. *Bolivar*, 631 F. Supp. at 173 (citations omitted). "The critical factor in determining whether a particular defensive action in the state court should operate as a waiver of the right to remove is the defendant's intent in making the motion." *Id.* If the defendant's motion seeks a disposition, in whole or in part, of the action and such motion results in a decision on the merits, the defendant has waived the right to remove. *Id.* On the other hand, if the defendant's "motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred." *Id.*

It is clear here that the Defendants have not waived the right to remove. The Defendants did not file any motions in State court or take any actions which would evidence a "clear or unequivocal" intent to waive their right to remove. Counsel for Defendants made a special appearance at the TRO hearing where he did not even address the motion on the merits. (Defs.' Resp. 3, ECF No. 11.) Sandlin asserts that the Defendants waived the right to remove because they accepted service of the complaint, the application for the TRO, and consented to the injunctive relief requested by Sandlin in the TRO. (Mot. to Remand 2, ECF No. 9.) However, as the presiding Circuit Court Judge noted in

4

his order, the Defendants were not properly served with process prior to the November 16, 2015 hearing. (Ex. A at 32, ECF No. 1-2.) Moreover, accepting service and abiding with the State court's November 16, 2015 order enjoining foreclosure does not indicate an intent to waive the right to remove. Therefore, the Defendants have not waived their right to remove this action to the United States District Court for the Western District of Tennessee.

As to Sandlin's second ground for remand, the court finds that the Defendants have established that the amount in controversy exceeds $75,000. Sandlin asserts that "[t]here is no amount for damages alleged in [his] complaint," (Mot. to Remand 3, ECF No. 9); however, in actions seeking declaratory relief, as in here, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010). The focus of Sandlin's complaint is the foreclosure process and the "object of the litigation" is the Property. *See McGhee v. Citimortgage, Inc.*, 834 F. Supp. 2d 708, 711 (E.D. Mich. 2011).

In wrongful foreclosure actions, the amount in controversy is determined by either the fair market value of the property or the amount owed on the mortgage loan. *Muheljic v. Bank of Am., N.A.*, No. 2:14-00051, 2014 WL 6085869, at *2 (M.D. Tenn. Nov.

12, 2014); *Rossi v. SunTrust Mortgage, Inc.*, No. 3:11-CV-01045, 2011 WL 6888530, at *2 (M.D. Tenn. Dec. 29, 2011). The fair market approach is the approach used by the majority of courts and is considered the better method for determining the amount in controversy. *Rossi*, 2011 WL 6888530, at *2; *Muheljic*, 2014 WL 6085869, at *2; *Bobel v. Met Life Home Loans, Inc.*, No. 11-CV-10574, 2011 WL 1831741, at *2 (E.D. Mich. May 13, 2011)("[T]he value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property." (citation and internal quotation mark omitted)).

The amount of controversy here is met under either approach. A valuation of the Property conducted by CitiMortgage indicates that the Property had a market value of $108,000 as of October 5, 2015. (Ex. B. at 6, ECF No. 1-3.) Further, according to the Shelby County Assessor, the 2015 fair market value of the Property is $92,600. (ECF No. 1-4.)[1] Therefore, the fair market value of the Property exceeds the jurisdictional minimum of $75,000.

---

[1] Shelby County Assessor of Property assesses values of properties on an annual basis for tax assessment purposes. Tennessee courts do not find property tax valuations conclusive of fair market value. *City of Murfreesboro v. Worthington*, No. 01A01-9703-CV-00124, 1997 WL 772137, at *3 (Tenn. Ct. App. Dec. 17, 1997). Therefore, the court does not consider the Shelby County Assessor of Property's valuation as conclusive proof of the Property's fair market value but only as additional support to CitiMortgage's valuation.

Furthermore, the amount owed on the mortgage loan also exceeds the amount in controversy. A 2014 Modification of Deed of Trust reflects a total amount owed of $144,385.99. (Ex. D. at 5, ECF No. 1-5.) Therefore, because the subject of the litigation is a deed of trust worth more than $75,000, the amount in controversy is also satisfied under the amount-owed-on-the-mortgage-loan method. *See Ike v. Quantum Servicing Corp.*, No. 11-02914, 2012 WL 3727132, at *2 (W.D. Tenn. Aug. 27, 2012)(finding that the amount in controversy was satisfied because the subject of the litigation was a deed of trust worth more than $75,000).

The Defendants do not "face a daunting burden of establishing the amount-in-controversy threshold." *McGhee*, 834 F. Supp. 2d at 712 (citations omitted). The Defendants only need show by a preponderance of the evidence that the amount in controversy has been met, and they have met their burden here.

For the reasons stated herein, Sandlin's purported grounds for requesting remand are unavailing. Accordingly, the court recommends that Sandlin's motion to remand be denied.

Respectfully submitted this 18th day of December, 2015.

s/ Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.