# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE,
# MEMPHIS DIVISION

| | |
|---|---|
| JESSE SANDLIN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:15-cv-02768 |
| | ) |
| CITIBANK, N.A., | ) |
| CITIMORTGAGE, INC., | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECCOMENDATIONS DENYING PLAINTIFF MOTION TO AMEND

Before the Court is the Plaintiff's Motion to Remand, filed on December 3, 2015. (ECF No. 9.) The Defendants filed a response to the motion on December 17, 2015. (ECF No. 17.) This Court referred the matter to the United States Magistrate Judge for the management of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Fed. R. Civ. P. 1. Accordingly, the Magistrate Judge issued her Report and Recommendations on December 18, 2015. (ECF No. 12.). On January 7, 2016, the Plaintiff filed objections to the Magistrate Judge's Report and Recommendations. (ECF No. 13.) The Plaintiff also filed a Motion to Amend Complaint to Add Parties on January 8, 2016 (ECF No. 14), to which the defendant replied on January 22, 2016. (ECF No. 17.) For the following reasons the Plaintiff's objections are overruled and the Magistrate Judge's Report and Recommendations are fully adopted.

   I.   **Factual History**

The Court has reviewed both Plaintiff's Complaint and Objections, taking into account that Plaintiff is a *pro se* litigant without the advantage of legal advice. With that in mind, the

26088031 v1

Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF No. 12.)

## II. Standard of Review

### A. Review of a Magistrate Judge's Determination

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

## III. Analysis of The Magistrate Judge's Report and Recommendations

In her Report and Recommendations, the Magistrate Judge examined whether the Plaintiff's Motion to Remand should be granted, and ultimately found that the Motion should be denied. Specifically, the Magistrate Judge conclusions of law are as follows:

## A. The Defendant Did Not Waive Their Right to Remove

The Magistrate Judge concluded that, "It is clear here that the Defendants have not waived the right to remove." When determining whether a defensive action constitutes a waiver, Courts look to the Defendant's intent in filing the motion. *See Bolivar Sand Co. v. Allied Equip*., 631 F. Supp. 171, 172 (W.D. Tenn. 1986). The Sixth Circuit only recognizes a waiver if the intent to waive is "clear and unequivocal." *See Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.,* 894 F.2d 193, 195 (6th Cir. 1990); *Bolivar* 631 F. Supp. at 172 ("[T]he general rule is that the [defendants] actions must evidence a 'clear and unequivocal' intent to waive the right to remove.") When a defendant files a motion disposing of a case on the merits, in whole or in part, courts will find the Defendant intended to waive their right to remove. *See Bolivar*, 631 F. Supp. at 173. However, preliminary matters not decided on the merits, such as a motion for extension or filing an answer to a complaint will not be found as intent to waive. *See id*; *Ellora's Cave Publishing, Inc. v. Dear Author Media Network, LLC*, 2015 WL 106062 *1 (N.D. Ohio 2015).

After reviewing the record, the Magistrate found that the actions taken by the Defendants did not indicate an intent to waive their right to remove. (ECF No. 12 p. 4.) Specifically, the Magistrate disagreed with the Plaintiff's assertion that the Defendant waived his right by accepting service of the complaint and appearing at the Circuit Court's preliminary injunction hearing. (ECF No. 12 p. 4.) Accepting service and appearing in a hearing before the court does not convey an intent to dispose a case on the merits. Thus, the Magistrate Judge recommended that Plaintiffs Motion to Remand be denied.

The Plaintiff filed objections to the Magistrate Judges Report and Recommendations on January 7, 2016. (ECF No. 13). Specifically, the Plaintiff claims the Defendant's preliminary actions conveyed a 'clear and unequivocal' intent to waive their right to remove.

The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object."). Without a specific objection, it is difficult for the Court to construe how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the Plaintiff could find objection. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509).

Plaintiff asserts the Defendant waived his right to remove by accepting service of the complaint, and appearing at the preliminary injunction hearing before the Circuit Court. (ECF No. 13 p. 6.) In this objection, Plaintiff argues that service was properly executed pursuant to the Tennessee Rules of Civil Procedure. Plaintiff also submits the Defense counsel's appearance at the injunction hearing indicated they were properly served. While the Plaintiff's factual claims may be true, his legal conclusions are not. Proper service or appearance at a preliminary hearing does not evidence an intent to dispose of a case on the merits.

After a *de novo* review, the Court overrules the Plaintiff's objection to the Magistrate Judge's Report and Recommendation on this issue.

### B. Defendants Have Established the Amount in Controversy Exceeds $75,000

The Magistrate Judge found that the Defendants properly established that the amount in controversy exceeded $75,000. While the complaint did not allege monetary damages, "[I]t is

well established that the amount in controversy is measured by the value of the object of the litigation." *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.,* 621 F.3d 554, 560 (6th Cir. 2010). To determine the amount in controversy in foreclosure actions, Courts must look to the fair market value of the property or the amount owed on the mortgage. *See Muheljic v. Bank of America, N.A.,* 2014 WL 6085869, at *2. A majority of courts prefer the 'fair market value' approach because it conforms with the Court's requirement to consider the amount in controversy from the Plaintiffs perspective. *See Smith v. Nationwide Prop. & Cas. Inc. Co.,* 505 F.3d 401, 407 (6th Cir. 2007); *Muheljic,* 2014 WL 6085869 at *2. The burden is on the removing party to prove by a 'preponderance of the evidence' that the amount in controversy exceeds the jurisdictional threshold. *See Gafford v. General Electric Co. 997* F.2d 150, 158 (6th Cir. 1993).

The Magistrate Judge found that the amount in controversy satisfied the jurisdictional amount under either approach. (ECF No. 12 p. 6.) According to a valuation of the property by CitiMortgage, the property had a market value of $108,000.00 as of October 5, 2015. (ECF No. 1-3.) Moreover, the Magistrate Judge found that a 2014 Modification of Deed of Trust reflected a total amount owed of $144,385.99. Therefore, under both tests the Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.

The Plaintiff filed objections, arguing that the Defendants failed to properly establish the amount in controversy. Specifically, the Plaintiff claims that no foreclosure proceedings were taking place, and the complaint only seeks injunctive relief. Thus, the fair market value is irrelevant for determining the amount in controversy. (ECF No. 9 p. 4.) Plaintiff also provided a list of houses comparable to the subject property. The purpose of the list was to show that the value of the house is considerably less than $75,000. (ECF No. 13 p. 3.) Evidence of comparable

housing to the subject property being sold for less than $75,000 is irrelevant, and does not preclude the Defendant from meeting their evidentiary burden. Moreover, the Defendant's proposition that the value of property is irrelevant because they are solely seeking injunctive relief lacks legal merit. Plaintiff's argument is devoid of case law and legal authority. The Court finds that the Defendants have properly established that the amount in controversy exceeds $75,000.

After *de novo* review, the Court overrules the Plaintiff's objections to the Magistrate Judge's Report and Recommendation on this issue.

**IV.** **Motion to Amend**

Plaintiff filed his motion to amend for the purpose of joining Shapiro, Ingle and Kirsh ("Shapiro & Ingle") as Defendants to this action. Specifically, plaintiff submits joinder is warranted for Shapiro & Ingle for their roles as substitute trustees for the Defendants. In opposition, the Defendants claim the Plaintiff's motive to join Shapiro & Ingle is solely to subvert diversity jurisdiction.

If a plaintiff seeks to join additional defendants whose joinder would destroy diversity jurisdiction after removal, the court may deny joinder, or permit joinder and remand the case back to state court. 28 U.S.C. § 1447 (e). It is within the Court's discretion whether to grant a Plaintiff 's motion to amend post removal if the motion would destroy diversity jurisdiction. *See Christian v. Works*, 2010 WL 1427299; *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp.2d 807, 823 (6th Cir. 2008). Courts generally employ four factors when determining whether to permit joinder that would destroy diversity: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking

amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors. *See City of Cleveland*, 571 F.Supp.2d at 823; *Smokey Mountain Knife Works, Inc. v. Forward Motion Media, LLC*, 2015 WL 1608785, at *3 (E.D. Tenn. 2015). Court have found the most important inquiry under 28 U.S.C. § 1447(e), to be whether the plaintiff's motivation is to defeat diversity jurisdiction. *See Smokey Mountain*, 2015 WL 1608785 at *3; *City of Cleveland*, 571 F.Supp.2d at 823.

Here, based on the record,[1] and Tennessee Law regarding the liability of trustees, it is appears the prime motivation for plaintiffs motion is to destroy diversity jurisdiction. Denial of the amendment would not prejudice the Plaintiff, because under T.C.A. § 35-5-116 (f)[2], trustees cannot be held liable for errors resulting from reliance on information gathered from the secured party. Moreover, Plaintiff is seeking injunctive relief, making the necessity of joining Shapiro & Ingle a dubious proposition. Even if joinder of Shapiro & Ingle was statutorily permissible, it still would not enhance or ensure Plaintiffs' remedies. Additionally, Plaintiff concludes his motion to amend by stating, "Therefore, as a matter of law, this matter must be remanded to the Circuit Court of Shelby County as there exists no diversity of citizenship. . ." (ECF No. 14 p. 6.) Thus, the Court finds that the Plaintiff's Motion to Amend was filed with the intent to destroy diversity jurisdiction. Accordingly, the Motion to Amend is DENIED.

---

[1] Plaintiff filed his Motion to Amend on January 8, 2016 (ECF No. 14), one day after filing objections to the Magistrate Judge's Report and Recommendation that found diversity jurisdiction to be valid (ECF No. 12). It is dubious the filings were coincidental; thus, the record supports a finding that the Plaintiff intended to subvert diversity jurisdiction with their Motion to Amend.

[2] T.C.A. §35-5-116(f):

A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the borrower or secured party or their respective attorney, agent, or representative or other third party.

## V. **Conclusion**

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation. (ECF No. 12.) Therefore, the Plaintiff's Motion to Remand, (ECF No. 9), is DENIED. Additionally, the Plaintiff's Motion to Amend is DENIED.

IT IS SO ORDERED on this 31st day of March, 2016.

*s/John T. Fowlkes, Jr*.
JOHN T. FOWLKES, JR.
United States District Judge
