IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JESSE SANDLIN,

    Plaintiff,

vs.                                                No. 15-2768-JTF-dkv

CITIBANK, N.A.,
CITIMORTGAGE, INC.,

    Defendants.

_____

REPORT AND RECOMMENDATION ON THE DEFENDANTS' MOTION TO DISMISS

_____

On November 10, 2015, the plaintiff, Jesse Sandlin ("Sandlin"), filed a *pro se* complaint against the defendants, Citibank, N.A. ("Citibank") and CitiMortgage, Inc. ("CityMortgage")(collectively "the Defendants"), in the Circuit Court of Shelby County, Tennessee, setting forth claims for: (1) breach of contract; (2) slander of title; (3) violation of the Tennessee Consumer Protection Act ("TCPA"); (4) declaratory relief; (5) fraudulent misrepresentation; and (6) intentional infliction of emotional distress. (Compl. 1-21, ECF No. 1-2.) On November 25, 2015, the Defendants removed the action to the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1.) The case has been referred to the United States Magistrate Judge for management and for all pretrial matters for

determination and/or report and recommendation as appropriate.
(Admin. Order 2013-05, Apr. 29, 2013.)

On December 3, 2015, Sandlin filed a motion to remand the
case to the Circuit Court of Shelby County, Tennessee. (ECF No.
9.) On December 18, 2015, the court issued a Report and
Recommendation denying Sandlin's motion to remand. (ECF No.
12.) Thereafter, on January 8, 2016, Sandlin filed a motion to
amend the complaint. (ECF No. 14.) On March 31, 2016, the
presiding district judge adopted the December 18, 2015 Report
and Recommendation and also denied Sandlin's motion to amend.
(ECF No. 20).

Now before the court is the April 21, 2016 motion filed by
the Defendants to dismiss all of Sandlin's claims except for the
breach of contract claim. (ECF Nos. 22, 23.) Sandlin did not
respond to the motion to dismiss, and the time for response has
expired. For the reasons that follow, it is recommended that
the Defendants' motion to dismiss be granted in part and denied
in part and that Sandlin's claims of slander of title, violation
of TCPA, and intentional infliction of emotional distress be
dismissed for failure to state a claim upon which relief can be
granted.

I. PROPOSED FINDINGS OF FACT

Sandlin's complaint relates to the foreclosure sale of the
property at 4743 Kassel Cove, Memphis, Tennessee 38116 ("the

Property.") (Compl. 1, ECF No. 1-2.) In the complaint, Sandlin states that he "disputes the status of the Note and Deed of Trust of [the Property] . . . in that the Defendants have fraudulently and unlawfully initiated and process[ed] an acceleration of the Mortgage Note and Deed of Trust through the non-judicial foreclosure in violation of the contract securing the property in question and state law." (*Id.*) The complaint states that in December of 2000, Sandlin executed a promissory Note payable to First Trust Bank, along with a Deed of Trust, which was guaranteed from the Department of Veterans Affairs. (*Id.* ¶ 9.) According to the complaint, the Deed of Trust was assigned several times from 2004 to 2009. (*Id.* ¶¶ 9-13.) On May 1, 2006, CitiMortgage assumed all mortgage servicing rights on the loan. (*Id.* ¶ 12.)

Sandlin alleges that on July 2, 2015, he received a letter from the Defendants indicating that there was a past due amount on the mortgage account for $4,101.26. (*Id.* ¶ 14.) In the following days, Sandlin communicated with several customer service representatives who generally informed him that his recent payments had been applied to the oldest outstanding installments. (*Id.* ¶¶ 15-28.) On August 20, 2015, Sandlin was informed that no payments were received for April 2015 through August 2015 and that "the account started going bad on September[] 2013[] through November[] 2013." (*Id.* ¶ 24.)

Sandlin alleges that on August 13 and 28, 2015, he "served via fax a formal complaint with respect to delinquent and missing mortgage payments and disputing he was in default of the mortgage," and that in response, the Defendants "sent inadequate information concerning whether [Sandlin] had defaulted on mortgage." (*Id.* ¶ 25.) Further, according to Sandlin, on September 3, 2015, the Defendants again responded that they stand by the decision that Sandlin's mortgage was in default and did not adequately respond to the request for verification of the debt. (*Id.* ¶ 26.)

Sandlin states that on October 21, 2015, he was informed by a customer service representative that foreclosure proceedings had started as of September 28, 2015 and that a sale was scheduled for November 16, 2015. (*Id.* ¶ 27.) The customer service representative also allegedly told Sandlin that: no default letter or notice was sent to him or the Department of Veterans Affairs, that his mortgage was in default on November 18, 2014, and that no mortgage payments were received for April 2015 through October 2015. (*Id.*) Sandlin alleges that on November 3, 2015, he "acquired possession of a letter dated May 15, 2015 from the Department of Veterans Affairs in response to being notified by CitiMortgage [] that [Sandlin] was in default on his mortgage loan and currently ha[d] a delinquent status." (*Id.* ¶ 28.)

Based on these allegations, Sandlin asserts causes of action for: (1) breach of contract, (*Id.* ¶¶ 30-38); (2) slander of title, (*Id.* ¶¶ 40-46); (3) violation of the TCPA, (*Id.* ¶¶ 48-53); (4) declaratory relief, (*Id.* ¶¶ 55-63); (5) fraudulent misrepresentation, (*Id.* ¶¶ 65-75); and (6) intentional infliction of emotional distress, (*Id.* ¶¶ 76-87).

## II. PROPOSED CONCLUSIONS OF LAW

### A. Failure to State a Claim for Which Relief May Be Granted

Courts sitting in diversity "apply state substantive law and federal procedural law." *Saab Auto. AB v. Gen. Motors Co.*, 770 F.3d 436, 440 (6th Cir. 2014)(citing *Shady Grove Orthopedics Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010)). The court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), in assessing *all* civil cases in federal court, including state or federal claims that were removed to federal court from state court. *Maness v. Boston Sci.*, 751 F. Supp. 2d 962, 966 (E.D. Tenn. 2010).

To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The

court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks

omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. <u>Slander of Title Claim — Second Cause of Action</u>

For his second cause of action, Sandlin alleges that the Defendants "disparaged plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of documents . . . including, but not limited to the Notice of Default, Notice of Trustee Sale, and Trustee's Deed." (Compl. ¶ 40, ECF No. 1-2.) According to Sandlin, as a result of the Defendants' conduct in "posting, publishing, and recording said documents," his title to the Property has been disparaged and

slandered, and there is a cloud on Sandlin's title. (*Id.* ¶¶ 41, 42.) Further, Sandlin alleges that the Defendants "had no legal or lawful right to foreclose on [the Property]," should have known that Sandlin was not in default, "knew [that] the documents were false, [and] created and published them with malicious intent to injure [Sandlin]." (*Id.* ¶¶ 41, 45.)

To succeed on a claim for slander of title, a plaintiff must show: "(1) that it has an interest in the property, (2) that the defendant published false statements about the title to the property, (3) that the defendant was acting maliciously, and (4) that the false statements proximately caused the plaintiff a pecuniary loss." *Brooks v. Lambert*, 15 S.W.3d 482, 484 (Tenn. Ct. App. 1999)(quotation omitted). "A person acts maliciously when the person is motivated by ill will, hatred, or personal spite." *Currie v. JPMorgan Chase Bank, N.A.*, No. 2:12-CV-02915-JPM, 2013 WL 3776217, at *8 (W.D. Tenn. July 16, 2013)(quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992)). "[A]llegations of malice must be in express terms or by showing facts which would give rise to a reasonable inference of malice." *Id.* (citation omitted).

Here, Sandlin has failed to sufficiently allege facts supporting the third element of the slander of title claim. The complaint fails to allege any facts that would give rise to a reasonable inference that the Defendants were motivated by ill

8

will, hatred, or personal spite. Sandlin's reference to malicious conduct is merely a recitation of the legal conclusion that the Defendants' conduct was "fraudulent, oppressive, and malicious." (Compl. ¶ 46, ECF No. 1-2.) Legal conclusions such as this are not entitled to the assumption of truth by courts considering motions to dismiss. *Iqbal*, 129 S.Ct. at 1950. Therefore, it is recommended that Sandlin's slander of title claim be dismissed.

C.    Violation of TCPA Claim — Third Cause of Action

For his third cause of action, Sandlin states that the Defendants engaged in "unfair and deceptive acts or practices affecting the conduct of any trade or commerce." (Compl. ¶ 49, ECF No. 1-2.) The TCPA is intended to "protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-102(2). Foreclosure proceedings are not covered by the TCPA. *Pursell v. Fist Am. Nat'l Bank*, 937 S.W.2d 838, 841-42 (Tenn. 1996); *see also Peoples v. Bank of Am.*, No. 11-2863-STA, 2012 WL 601777, at *9 (W.D. Tenn. Feb. 22, 2012)(stating that courts in Tennessee "have consistently held that the TCPA does not reach the manner in which a lender conducts foreclosure proceedings"); *Simms v. Cit Grp./Consumer Fin.*, No. 08-2655-STA, 2009 WL 973011, at *9 (W.D. Tenn. Apr. 9, 2009)(finding that TCPA does not apply to

deceptive conduct during foreclosure proceedings); *Hunter v. Wash. Mut. Bank*, No. 2:08-CV-069, 2008 WL 4206604, at *5 (E.D. Tenn. Sept. 10, 2008)("The Supreme Court of Tennessee has held that the TCPA does not apply to repossession and collateral disposition activities because that conduct does not affect 'the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property" as required by the TCPA.'" (citing *Pursell*)). Thus, because Sandlin's TCPA claim is based upon alleged deceptive conduct in the debt collection and foreclosure process, it fails as a matter of law, and it is recommended that the court dismiss it for failure to state a claim upon which relief may be granted.

D.   Declaratory Relief Claim — Fourth Cause of Action

In the fourth cause of action, Sandlin requests a determination of the validity of the Notice of Default and of whether the Defendants have authority to foreclose on the Property. (Compl. ¶¶ 61, 62, ECF No. 1-2.) A request for declaratory relief is a remedy, not a claim. To obtain declaratory relief, Sandlin must show that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941); *Poole v. Fed.*

*Nat'l Mortgage Ass'n*, No. 1:15-CV-1261, 2016 WL 3085765, at *4
(W.D. Mich. June 2, 2016)(quoting *Maryland Casualty*).

The Defendants maintain that Sandlin's claim for declaratory relief should be denied because it "is a recitation of the relief he seeks in the other counts of his Complaint." (Mot. to Dismiss 2 n.1, ECF No. 23.) However, the Defendants have not sought dismissal of Sandlin's breach of contract claim and Sandlin does not specifically request the remedy of declaratory relief under that claim, (*see* Compl. 20, ECF No. 1-2). The instant motion to dismiss does not dismiss all of Sandlin's substantive claims. Therefore, there is still some basis upon which Sandlin may request this relief. *See Poole*, 2016 WL 3085765, at *4 (holding that a plaintiff may request declaratory judgment that an impeding foreclosure sale will be legally deficient); *see also Ridley v. Bank of Am.*, No. 1:14-CV-315, 2015 WL 11109363, at *5 (E.D. Tenn. Aug. 11, 2015)("The Plaintiff, however, has not adequately pled her substantive claims such that the Court has any basis upon which to grant this relief."). Therefore, it is recommended that Sandlin be allowed the remedy of seeking declaratory relief for his remaining substantive claims.

E.  Fraudulent Misrepresentation Claim — Fifth Cause of Action

In his fifth cause of action, Sandlin alleges that the monthly mortgage statements sent to him by the Defendants

11

contain misrepresentations regarding the amount due on the loan, including property inspection and preservation fees, delinquency fees, foreclosure action, delinquency status, and Notice of Default. (Compl. ¶ 67, ECF No. 1-2.) Sandlin also states that he "had no knowledge of the falsity, incompleteness, or untruthful of the statements and representations of [the Defendants] when collected fees previously capitalized." (*Id.* ¶ 68.) As a result, Sandlin claims he suffered emotional distress and financial injuries, "including being charged late fees, excessive interest on principal amounts for which [the Defendants] refused to apply payments in a timely manner, adding substantially to mortgagor's overall debt." (*Id.* ¶ 72.)

In Tennessee, a plaintiff claiming fraudulent misrepresentation must show: 1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation. *Walker v. Sunrise Pontiac-GMC Truck, Inc.,* 249 S.W.3d 301, 311 (Tenn. 2008). In addition, Federal Rule of Civil Procedure 9(b) sets a heightened pleading standard for fraud and mistake claims and requires averments of fraud "be

stated with particularity." Fed. R. Civ. P. 9(b). To meet this standard the plaintiff must at a minimum, "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud . . . allegations of fraudulent misrepresentation must be made with sufficient particularity and with sufficient factual basis to support an inference that they were knowingly made." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993)(quoting *Ballan v. Upjohn Co.,* 814 F. Supp. 1375, 1385 (W.D. Mich. 1992)).

Sandlin alleges that the Defendants misrepresented the amount due on his loan. (Compl. ¶ 67, ECF No. 1-2.) Sandlin further alleges that the Defendants double charged him for months and concealed various fees on the monthly mortgage statements. (*Id.* ¶¶ 66-67.) Taking these allegations as true, which the court must for the purpose of a motion to dismiss, Sandlin has sufficiently alleged that the Defendants acted at least recklessly.

As to reliance, the Defendants maintain that Sandlin could not "have acted on any alleged misrepresentation regarding the status of his account while simultaneously challenging the allegedly false statements." (Mot. to Dismiss 9, ECF No. 23.) Sandlin, however, alleges that he became aware that his mortgage was past due on July 2, 2015, at which point he began

challenging it. (Compl. ¶¶ 14-27, ECF No. 1-2.) Although his allegations are vague, Sandlin's fraudulent misrepresentation claim can be interpreted as relating to the mortgage statements he received prior to July 2, 2015. Sandlin alleges that he believed that the mortgage statements reflected lawful and appropriate charges and that by paying only the amount stated on these statements, he was eventually charged late fees, excessive interest, and the threat of foreclosure. (*Id.* ¶¶ 67-68, 72.)

The Defendants further maintain that Sandlin has failed to plead fraud with sufficient particularity as to what the misrepresentations were, who made the alleged misrepresentations, and when they were made. (Mot. to Dismiss 9, ECF No. 23.) The court finds that Sandlin's allegations are sufficiently specific to put the Defendants on notice of his claim. Sandlin identifies the Defendants' alleged fraudulent misrepsentations as the amount due on the loan reflected in the monthly mortgage statements sent to Sandlin. (Compl. ¶ 67, ECF No. 1-2.) Construing the complaint liberally, Sandlin has sufficiently pled a fraudulent misrepresentation claim and it is recommended that the Defendants' motion to dismiss this claim be denied.

F. Intentional Infliction of Emotional Distress Claim — Sixth Cause of Action

For this sixth cause of action, Sandlin alleges that the Defendants' actions constitute outrageous or reckless conduct, and as a result, Sandlin has suffered emotional distress including lack of sleep and anxiety. (Compl. ¶¶ 78, 83, ECF No. 1-2.) According to Sandlin, the Defendants' conduct of "initiating and or attempting to foreclose or claiming the right to foreclosure on a property, in which they have no right, is so outrageous and extreme that it exceeds all bounds of decencies." (*Id.* ¶ 80.)

In order to state a claim for intentional infliction of emotional distress under Tennessee law, a plaintiff must establish the following elements: "(1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was so outrageous that it cannot be tolerated by civilized society; and (3) the defendant's conduct resulted in serious mental injury to the plaintiff." *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 51 (Tenn. 2004)(citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). To meet the second required element, it is not sufficient for a plaintiff to establish that a defendant "acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress." *Id*. Rather, a plaintiff must show that the defendant's conduct was:

> so outrageous in character, and so extreme in degree,
> as to go beyond all possible bounds of decency, and to
> be regarded as atrocious, and utterly intolerable in a

15

> civilized community. Generally, the case is one in
> which the recitation of the facts to an average member
> of the community would arouse his sentiments against
> the actor, and lead him to exclaim, "Outrageous."

*Medlin v. Allied Inv. Co.*, 398 S.W.2d 270, 274 (1966), *abrogated on other grounds by Camper v. Minor*, 915 S.W.2d 437, 444-46 (Tenn. 1996)(quotation omitted). A plaintiff must also show that the "outrageous" conduct of the defendant also caused emotional distress "so severe that no reasonable [person] could be expected to endure it." *Levy v. Franks*, 159 S.W.3d 66, 85 (Tenn. Ct. App. 2004).

In his complaint, Sandlin alleges that the Defendants' conduct was intentional but does not point to any facts supporting this conclusion. Moreover, intent is not sufficient in a claim for emotional distress; Sandlin must allege conduct so outrageous and extreme as to go beyond all bounds of decency. Sandlin has failed to allege any acts by the Defendants which would rise to the level of outrageous conduct. Courts considering claims for intentional infliction of emotional distress in the context of a foreclosure sale have found that facts similar to those alleged here do not rise to the level of outrageous conduct. *Johnson v. Broker Sols., Inc.*, No. 3:15-CV-00047, 2015 WL 4469276, at *4 (M.D. Tenn. July 22, 2015), *report and recommendation adopted*, No. 3-15-0047, 2015 WL 4758102 (M.D. Tenn. Aug. 11, 2015)(holding that the issuance of a Notice of

Default did not constitute outrageous behavior even though plaintiff claimed that he did not default and suffered "constant emotional nightmare"); *In re Jenkins*, 488 B.R. 601, 617 (Bankr. E.D. Tenn. 2013)(holding that sending foreclosure notices does not rise to the level of outrageous conduct even if such notices constituted a breach of the mortgage contract or a negligent or inadvertent act (citations omitted)); *Launius v. Wells Fargo Bank, N.A.*, No. 3:09-CV-501, 2010 WL 3429666, at *2, 5 (E.D. Tenn. Aug. 27, 2010)(holding that conducting foreclosure sale while plaintiff attempted to modify the loan did not constitute outrageous conduct). Therefore, as a matter of law, Sandlin has not made allegations sufficient to support an intentional infliction of emotional distress claim and it is recommended that this claim be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Defendants' motion to dismiss be granted in part and denied in part and that Sandlin's claims of slander of title, violation of TCPA, and intentional infliction of emotional distress be dismissed for failure to state a claim upon which relief may be granted.[1]

---

[1]The remaining claims are Sandlin's breach of contract and fraudulent misrepresentation claims. Further, as explained above, the court recommends that Sandlin's request for declaratory relief not be dismissed.

Respectfully submitted this 21st day of July, 2016.


                s/ Diane K. Vescovo_____

                DIANE K. VESCOVO

                CHIEF UNITED STATES MAGISTRATE JUDGE


NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.