IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JESSE SANDLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:15-cv-02768-JTF-dkv |
| ) | |
| CITIBANK, N.A., ) | |
| and CITIMORTGAGE, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendants', Citibank, N.A. (Citibank") and CitiMortgage, Inc. ("CitiMortgage") (collectively, the "Defendants"), Partial Motion to Dismiss Plaintiff's Amended Complaint filed on January 26, 2017. (ECF No. 41). Plaintiff filed a Response in Opposition on February 14, 2017. (ECF No. 42). This case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013). Judge Vescovo issued her Report and Recommendation on March 16, 2017. (ECF No. 45). To date, no objections have been filed.

After a *de novo* review, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation.

**FINDINGS OF FACT**

This Court adopts the Magistrate Judge's proposed findings of fact in this case. *See* (ECF No. 45).

1

## **LEGAL STANDARD**

### A. Standard for District Court's Review of a Report and Recommendation

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b); *Callier v. Gray*, 167 F.3d 977, 980 (6th Cir. 1999). These referrals may include non-dispositive pretrial matters, such as a motion to compel or a motion for a protective order concerning discovery. 28 U.S.C. § 636(b)(1)(A). The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. Fed. R. Civ. P. 72. The referrals may also include dispositive matters such as a motion for summary judgment or a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(B). When a dispositive matter is referred, the magistrate judge's duty is to issue proposed findings of fact and recommendations for disposition, which the district court may adopt or not. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, if the magistrate judge's order was issued in response to a dispositive motion, the district court should engage in *de novo* review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Baker v. Peterson*, 67 Fed. App'x. 308, 310, 2003 WL 21321184 *2 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non[-]dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard.").

### B. Standard for Motion To Dismiss

When assessing a plaintiff's claim at the Fed. R. Civ. P. 12 (b)(6) motion to dismiss stage, the Sixth Circuit has stated that a complaint must allege sufficient facts to state a plausible claim for relief, and that a reviewing court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "*Pro se* complaints are held to a less stringent standard than pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted).

## ANALYSIS

On December 31, 2016, Plaintiff filed an Amended Complaint, in which he set forth the following additional claims: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); violation of the Fair Credit Reporting Act ("FCRA"); (3) breach of the settlement agreement; and (4) defamation. (ECF No. 36). Defendants' current Motion to Dismiss seeks dismissal of Plaintiff's FDCPA, FCRA, and defamation claims. The Court will address each issue below.

### A. *FDCPA Claim*

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). A debt collector must follow the guidelines provided by Congress when attempting to collect a debt, and must give the consumer a chance to dispute the validity of a disputed debt. No action taken by the debt collector should "overshadow or be inconsistent" with the right of the consumer to dispute a debt. 15 U.S.C. § 1692g. However, to

be held liable under the FDCPA, a defendant must be a debt collector within its meaning. Debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a (6).

Conversely, the term creditor is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a (4); *see also Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 359 (6th Cir. 2012) ("[O]ne cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive.").

Judge Vescovo recommends that Plaintiff's FDCPA claim be dismissed because Plaintiff failed to plausibly allege that the Defendants were "debt collectors" subject to the FDCPA. In the Amended Complaint, Plaintiff alleges that his debt was assigned to CitiMortgage on May 1, 2006. (ECF No. 36 ¶¶ 9-10). However, Plaintiff was not in default until November 2014. (*Id*. at ¶ 26). Plaintiff has not alleged that CitiMortgage received the debt for the purpose of collection for another or that the loan was in default at the time of acquisition. As such, Defendants are not debt collectors under the FDCPA. Defendants' Motion to Dismiss Plaintiff's FDCPA claim is **GRANTED**.

  B. *FCRA Claim*

"The FCRA, 15 U.S.C. § 1681, *et seq*., originally enacted in 1968, is designed to protect consumers from inaccurate information in consumer reports by establishing credit reporting procedures which 'utilize correct, relevant and up-to-date information in a confidential and

4

responsible manner.'" *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 843-44 (6th Cir. 2004) (quoting *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1988)). "The FCRA imposes distinct obligation on three types of entities: (1) consumer reporting agencies: (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Id*. at 844 (citing *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999)).

Judge Vescovo found that the FCRA claim should not be dismissed at this time. Defendants did not object to Judge Vescovo's finding on this issue. Therefore, Defendants' Motion to Dismiss Plaintiff's FCRA claim is **DENIED**.

*C. Defamation Claims*

Defendants argue that Plaintiff's state law defamation claim is preempted by the FCRA. In response, Plaintiff asserts that his defamation clam is not preempted by the FCRA since Defendants acted with malice or willful intent to injure. The FCRA contains two preemption provisions. The first provision, 15 U.S.C. § 1681h(e) states:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

The second preemption provision, 15 U.S.C. § 1681t (b)(1)(F) states that "no requirement or prohibition may be imposed under the laws of any state … with respect to the subject matter regulated under § 1681s-2 of this title, relating to the reporting agencies."

"The majority of courts have found that § 1681t (b)(1)(F) applies to preempt both statutory and common law claims under state law that are based on allegations involving a subject matter regulated under the FCRA." *Birdsall v. Peoples Bank of the S.*, 2014 WL 640704, at *4 (E.D. Tenn. Feb. 19, 2014). However, the Sixth Circuit has not "decided whether section 1681h(e)'s exception for claims alleging malice or willful intent has been overridden by section 1681t (b)(1)(F)." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 548 (6th Cir. 2012). "The resulting tension between these two provisions, as well as the various district court attempts to harmonize them have, resulted in four distinct and conflicting interpretive approaches." *Wolfe v. MBNA Am. Bank*, 485 F. Supp. 2d 874, 883 (W.D. Tenn. 2007). These approaches were summarized in *Skidmore v. Access Grp., Inc.*, No. CV 14-13031, 2015 WL 6736533, at *5 (E.D. Mich. Nov. 4, 2015) (citations and internal quotation marks omitted). The *Skidmore* Court, in pertinent part, stated:

> In a nutshell, the "temporal approach" views § 1681t (b)(1)(F) as preempting only state claims related to conduct by the furnisher after it receives notice of a dispute; and § 1681h(e) as applying only to claims arising from the conduct of the furnisher before that notice. Under the "statutory approach," § 1681t (b)(1)(F) bars all state law claims based on statutory schemes, only, while § 1681h(e) is viewed as applying to common law claims. The "total approach" views the 1996 amendments as repealing § 1681h(e) and thus concludes that § 1681t (b)(1)(F) preempts all state causes of action relating to the furnishing of credit information. Under the approach adopted by the magistrate judge in *Westbrooks*, [a]ll state law claims that do not allege willfulness are preempted by § 1681h(e), and any surviving claims alleging willfulness are preempted under § 1681t (b)(1)(F) if they involve a subject-matter regulated under § 1681s-2.

*Id.*[1]

Judge Vescovo found that the *Westbrooks* approach best reconciled the two preemption provisions. In reaching this conclusion, Judge Vescovo found the following Seventh Circuit's analysis cited in *Skidmore* to be persuasive:

---
[1] *See also Westbrooks v. Fifth Third Bank*, No. 3:05-0664, 2005 WL 3240614 (M.D. Tenn. Nov. 30, 2005).

> Section 1681h(e) preempts some state claims that could arise out of reports to credit agencies; § 1681t(b)(1)(F) preempts more of these claims. Section 1681h(e) does not create a right to recover for willfully false reports; it just says that a particular paragraph does not preempt claims of that stripe. Section 1681h(e) was enacted in 1970. Twenty-six years later, in 1996, Congress added § 1681t(b)(1)(F) to the United States Code. The same legislation also added § 1681s-2. The extra federal remedy in § 1681s-2 was accompanied by extra preemption in § 1681t(b)(1)(F), in order to implement the new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges. Reading the earlier statute, § 1681h(e), to defeat the later enacted system in § 1681s-2 and § 1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation.

*Id.* at \*6 (citing *Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011)).

After reviewing the relevant case law, this Court also finds that the *Westbrooks* approach best reconciles the two preemption provisions. Plaintiff's defamation claim based on the Defendants' conduct as a furnisher is preempted by the FCRA. Therefore, this claim is **DISMISSED**.

> Plaintiff also alleges that:
>
> In publishing the [] foreclosure notice, Defendants published false and defamatory information concerning Plaintiff. Specifically, Defendants published statements indicating the Plaintiff was in default of his mortgage and that Defendants were rightfully entitled to foreclose. Those statements were made with knowledge that they were false or with reckless disregard of whether they were false.

(ECF No. 36 ¶ 108). Judge Vescovo found that this claim was not preempted by the FCRA. Furthermore, Defendants did not argue dismissal with respect to this defamation claim and have not objected to Judge Vescovo's finding. Therefore, this claim remains.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's FDCPA claim is **GRANTED**; Defendants' Motion to Dismiss Plaintiff's FCRA claim is

**DENIED**; and Defendants' Motion to Dismiss Plaintiff's Defamation claim that is preempted by the FCRA is **GRANTED**.

**IT IS SO ORDERED** on this 14th day of April, 2017.

<u>*s/John T. Fowlkes, Jr.*</u>
John T. Fowlkes, Jr.
United States District Judge